IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSHUA JENSEN,

                **Plaintiff,**

v.                                                                               CASE NO. 25-3178-JWL

JEFF ZMUDA, et al.,

                **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff and state prisoner Joshua Jensen filed this pro se civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff is currently incarcerated at Lansing Correctional Facility in Lansing, Kansas. With his complaint, Plaintiff filed a request for leave to proceed in forma pauperis. (Doc. 3) Because the request was not on the required, court-approved form, the Court issued a notice of deficiency, directing Plaintiff to resubmit the motion on the required form. (Doc. 5.) The Court provisionally grants Plaintiff leave to proceed in forma pauperis. Plaintiff remains obligated to resubmit his motion for leave to proceed in forma pauperis on the required form and to submit the required financial information by the October 2, 2025 deadline set forth in the notice of deficiency at Doc. 5. The failure to comply with the notice of deficiency by the deadline may result in the dismissal of this matter without further prior notice to Plaintiff.

The Court has begun the statutorily required review of the complaint and has identified deficiencies, identified below, that leave the complaint subject to dismissal in its entirety. The Court therefore will grant Plaintiff time in which to file a complete and proper amended complaint that cures the deficiencies identified herein. If Plaintiff fails to do so in the allotted time, this matter will be dismissed without further prior notice to him. Also before the Court is Plaintiff's motion

1

for appointment of class counsel (Doc. 4), which will be denied for the reasons set forth below.

## I. Nature of the Matter before the Court

Plaintiff names as Defendants in this matter Kansas Secretary of Corrections Jeff Zmuda, the Kansas Department of Corrections (KDOC), and Union Supply, which Plaintiff alleges is a private corporation contracted with the State of Kansas. (Doc. 1, p. 1-3.) As the background to this case, Plaintiff asserts that the KDOC and Union Supply have engaged in a conspiracy to deny access to the court systems and to extort inmates who seek such access. *Id.* at 2. Liberally construing the complaint, it appears that in order to obtain hard copies of forms available at no cost on the Court's website, Plaintiff must pay Union Supply a fee. *Id.* at 2-3. Only after payment will KDOC staff print the form and give it to Plaintiff. *Id.* at 3.

As Count I, Plaintiff asserts that inmates are denied "equal access to court services by allowing a private corporation to profit off free public forms the Court requires for access." *Id.* at 3 (capitalization normalized). In the section of the form complaint for stating the facts that support Count I, Plaintiff alleges that he has "purchased multiple copy tickets on [the] Canteen suppl[ie]r's app" and has used "both Paper/Electronic form-9 to request the free forms." Id. In Count II, Plaintiff alleges that extortion has occurred when he has been required to pay Union Supply in order to obtain court forms available for free on the Court's website. *Id.* As supporting facts for Count II, Plaintiff alleges that in order to obtain the "free forms," he must pay Union Supply. *Id.*

In Count III, Plaintiff asserts a violation of the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961, *et seq.* and the Kansas racketeer influenced and corrupt organization act, K.S.A. 21-6327, *et seq.* (Doc. 1, p. 4.) As supporting facts for Count III, Plaintiff asserts: "It[']s certainly a racket to pay a private corp[oration] for free 'public' forms that the public already paid for, then pay taxes on free public paper and public services that [are] already

paid for!" *Id.* (capitalization normalized). As relief, Plaintiff seeks "all available relief" and he explains that because this he intends this to be a class-action lawsuit, he cannot speak for the entire class. *Id.* at 5.

## II. Screening Standards

Because Plaintiff is a prisoner and provisionally proceeds in forma pauperis, the Court is required by statute to screen his complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes this pro se complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570).

### III. Discussion

#### A. Defendants

As an initial matter, the Court notes that Plaintiff has not provided in his complaint the required information for all three Defendants he names in the caption. The first section of the form complaint includes space for a plaintiff to identify and provide information for two defendants and advises that a plaintiff may "[u]se the back of this page to furnish the above information for additional defendants." (*See* Doc. 1, p. 1-2.) In both of the allotted spaces, Plaintiff has information only about Defendant Zmuda. In any amended complaint Plaintiff files in this case, he must, to the best of his ability, provide the required information for each and every defendant in this case. To be clear, Plaintiff must name each defendant in the caption of his amended complaint, he must provide the information required in the "Jurisdiction" section of the amended complaint for each defendant, and he must describe in the body of the complaint the specific acts taken by each defendant that he believes violated his federal or constitutional rights.

Next, Plaintiff's claims against the KDOC are subject to dismissal because the KDOC is not a proper defendant to a § 1983 action. As noted above, to state a claim under § 1983, Plaintiff

4

must allege that "a *person* acting under color of state law" violated a right or rights Plaintiff is afforded by "the Constitution and laws of the United States." *See West,* 487 U.S. at 48-49 (emphasis added). "It has long been established states, state agencies, and state officials acting in their official capacities are not 'persons' under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)." *Thomas v. Knutson, et al.*, 2024 WL 2076315, *3 (10th Cir. May 9, 2024) (unpublished). Thus, state agencies are "not subject to liability under § 1983" and must be dismissed as defendants when the Court screens a § 1983 complaint filed by a prisoner proceeding in forma pauperis. *See id.; see also Davis v. Bruce*, 215 F.R.D. 612, 618 (D. Kan. 2003), *aff'd in relevant part*, 129 Fed. Appx. 406, 408 (10th Cir. 2005) (unpublished).

### B. Personal Participation

Plaintiff's claims against Defendant Zmuda are subject to dismissal because the complaint does not sufficiently allege Defendant Zmuda's personal participation. An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). "[V]icarious liability is inapplicable to . . . § 1983 suits, [so] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Other than generally alleging that Defendant Zmuda is an "employee, contractor, [or] agent of the State of Kansas," the complaint does not include any specific factual allegations related to action or inaction by Defendant Zmuda. (Doc. 1.) Therefore, Plaintiff has failed to allege sufficient

5

personal participation by Defendant Zmuda in the violation of a constitutional or federal right. In other words, he has failed to state a plausible claim for relief against Defendant Zmuda.

### C. Count I

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West,* 487 U.S. at 48 (citations omitted). Relatedly, Rule 8 of the Federal Rules of Civil Procedure[1] requires that a complaint "contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." The purpose of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1998) (quoting *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979)). Even liberally construing the pro se complaint, the Court concludes that Count I does not comply with Rule 8 because the Court cannot determine the legal basis for the claim alleged therein. Thus, the complaint would not give opposing parties fair notice of the basis of the claim in Count I.

In the space on the form for identifying the "constitutional rights, privileges or immunities" the violation of which form the basis for Count I, Plaintiff has written: "Denying inmates Equal Access to Court services by Allowing a private corporation to profit off free Public Forms the Court Requires for Access." (Doc. 1, p. 3.) This statement does not sufficiently identify the

---

[1] The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel).

6

constitutional right, privilege, or immunity Plaintiff believes is being violated by Union Supply charging money for printing forms off the Court's website and providing those printouts to Plaintiff. The phrase "equal access" may be intended to invoke the Equal Protection Clause of the Fourteenth Amendment.[2] Or it may be intended to refer to the First Amendment's protection of the right of access to the courts.[3] Or it may be intended to invoke a different constitutional right or right under federal law; the Court cannot tell. As noted above, the Court "will not . . . construct a legal theory on plaintiff's behalf." *See Whitney*, 113 F.3d at 1173-74. Thus, Count I of the complaint is subject to dismissal for failure to comply with Rule 8.

### D. Count II

Count II broadly asserts that extortion occurred when Plaintiff was required to pay Union Supply a fee in order for KDOC staff to print a form from this Court's website and give it to Plaintiff. (Doc. 1, p. 3.) As with Count I, Plaintiff has not identified the constitutional or federal right he believes was violated by his being charged a fee for printing services. In the section of the form complaint for asserting jurisdiction under statutes other than 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983, Plaintiff has listed multiple statutes, including K.S.A. 21-6501, which is labeled "extort." (Doc. 1, p. 2.)

K.S.A. 21-6501 defines the Kansas state crime of felony extortion. This is not sufficient to state a plausible claim for relief in this case because "the violation of state criminal statutes is not grounds for relief in a civil action brought under § 1983." *See Clay v. Hydro*, 2020 WL 1547814, *1 n.1 (D. Kan. April 1, 2020) (unpublished) (citations omitted). To the extent that Count II may

---

[2] The Equal Protection Clause of the Fourteenth Amendment "'commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike.'" *See Requena v. Roberts*, 893 F.3d 1195, 1210 (10th Cir. 2018) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)).

[3] To state a plausible claim for unconstitutional denial of access to the courts, a "plaintiff must identify a 'nonfrivolous,' 'arguable' underlying claim" that has been or will be frustrated by the official act or acts that interfere with access to the courts. *See Christopher v. Harbury*, 536 U.S. 403, 414-15 (2002).

be intended to assert a state-law-based claim for an intentional tort such as extortion, Plaintiff has not identified any legal authority that provides a private right of action for extortion. Thus, Count II fails to state a plausible claim for relief under 42 U.S.C. § 1983.

**E. Count III**

Count III is brought under the federal and state RICO statutes. In 18 U.S.C. § 1964(c), the federal RICO act provides a right of action for "[a]ny person injured in his business or property" by activity defined in 18 U.S.C. § 1962. But to state a plausible federal civil RICO claim, a plaintiff must allege facts that, if taken as true, demonstrate "(1) that the defendant violated § 1962; (2) that the plaintiff's business or property was injured; and (3) that the defendant's violation is the cause of that injury." *See Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 881 (10th Cir. 2017). Even liberally construing the complaint and taking all well-pled factual allegations therein as true, Plaintiff has not alleged facts that show the existence of these elements. Thus, the portion of Count III based on the federal RICO act is subject to dismissal for failure to state a claim.

Although the Kansas RICO act is similar in nature to the federal RICO act, the Kansas RICO act does not contain a provision creating a private right of action as is found in 18 U.S.C. § 1964(c). The state statute to which Plaintiff directs the Court is K.S.A. 21-6327. (Doc. 1, p. 2.) It states only: "K.S.A. 21-6327 through 21-6331, and amendments thereto, shall be known and may be cited as the Kansas racketeer influenced and corrupt organization act (Kansas RICO act)." A review of these statutory provisions does not reveal a private right of action under which Plaintiff can seek relief from violations of the Kansas RICO act, nor are there any Kansas appellate court cases considering such a claim. Thus, the portion of Count III based on the Kansas RICO act is subject to dismissal for failure to state a claim.

## IV. Amended Complaint Required

For the reasons set forth above, this action is subject to dismissal in its entirety. Plaintiff is therefore given the opportunity to file a complete and proper amended complaint upon the required, court-approved form that cures all the deficiencies discussed herein. Plaintiff is advised that an amended complaint does not supplement the initial complaint; an amended complaint completely replaces the initial complaint. Therefore, any claims or factual allegations not included in the amended complaint will not be before the Court. Plaintiff may not refer to or incorporate by reference his initial complaint. The amended complaint must contain all claims that Plaintiff intends to pursue in this action, including those to be retained from his initial complaint, and it must allege sufficient facts to show a plausible claim for relief against a named defendant.

Plaintiff must write the number of this case (25-3178) at the top of the first page of his amended complaint. He must name only defendants who may be sued under § 1983 and he must allege sufficient facts to show that each defendant personally participated in a federal constitutional violation. For each Count, he must clearly identify the federal or constitutional right he believes was violated and he must state specific facts that support each alleged violation. Plaintiff must follow the instructions on the required, court-approved complaint form and set forth the information requested therein.

If Plaintiff chooses to submit an amended complaint in this matter, he must set forth, in the amended complaint itself, a short and plain statement of each claim that will give opposing parties fair notice of the basis of the claim against them and will allow the Court to effectively conduct the statutorily required screening. Plaintiff may attach additional pages to the required form as necessary, but he must clearly label any additional pages so that the Court and opposing parties can determine which facts support Count I, Count II, Count III, etc.

If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which will be dismissed without further prior notice to Plaintiff for failure to state a claim on which relief could be granted. If Plaintiff timely files an amended complaint, the Court will conduct the statutorily required review of the amended complaint and issue further orders as necessary. Plaintiff is further reminded that he must comply with the notice of deficiency (Doc. 5) on or before October 2, 2025.

V.     **Motion for Appointment of Class Counsel (Doc. 4)**

In his motion to appoint class counsel, Plaintiff asks the Court to appoint class counsel pursuant to Federal Rule of Civil Procedure 23(g)(1). (Doc. 4.) Rule 23(g)(1) states: "Unless a statute provides otherwise, a court that certifies a class must appoint class counsel." This Court has not certified a class in this case, so Plaintiff's motion will be denied as premature. The Court further finds that class certification would be inappropriate at this time because this matter is subject to dismissal in its entirety for failure to state a plausible claim for relief.

**IT IS THEREFORE ORDERED** that the Court provisionally grants Plaintiff leave to proceed in forma pauperis. Plaintiff remains obligated to resubmit his motion for leave to proceed in forma pauperis and the required financial information by the **October 2, 2025** deadline set forth in the Court's notice of deficiency at Doc. 5. The failure to comply with the notice of deficiency by the deadline may result in the dismissal of this matter without further prior notice to Plaintiff.

**IT IS FURTHER ORDERED** that the motion to appoint class counsel (**Doc. 4**) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including **October 6, 2025**, to file a complete and proper amended complaint that cures all the deficiencies discussed herein.

If Plaintiff fails to do so, this matter will be dismissed without further prior notice to Plaintiff. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED: This 4th day of September, 2025, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge