IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSHUA JENSEN,

    **Plaintiff,**

v.                                        CASE NO. 25-3178-JWL

JEFF ZMUDA, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff and Kansas prisoner Joshua Jensen brought this pro se civil rights action under 42 U.S.C. § 1983. (Doc. 1.) Plaintiff is currently incarcerated at Lansing Correctional Facility in Lansing, Kansas and he has been granted leave to proceed in forma pauperis. (Doc. 9.) This matter comes now before the Court on Plaintiff's amended complaint (Doc. 7), filed October 2, 2025. For the reasons set forth in this order, this matter will be dismissed because the amended complaint fails to state a claim on which relief can be granted.

**I. Background**

Plaintiff's initial complaint in this matter named as Defendants Kansas Secretary of Corrections Jeff Zmuda, the Kansas Department of Corrections ("KDOC"), and private corporation Union Supply. (Doc. 1, p. 1-3.) As the background to this case, Plaintiff asserted that the KDOC and Union Supply have engaged in a conspiracy to deny access to the court systems and to extort inmates who seek such access. *Id.* at 2. Liberally construing the initial complaint, it appeared that only after payment to Union Supply would KDOC staff print forms available at no cost on the Court's website and give them to Plaintiff. *Id.* at 2-3.

In Count I, Plaintiff asserted that inmates are denied "equal access to court services by allowing a private corporation to profit off free public forms the Court requires for access." *Id.* at 3 (capitalization normalized). As supporting facts for Count I, Plaintiff alleged that he has "purchased multiple copy tickets on [the] Canteen suppl[ie]r's app" and has used "both Paper/Electronic form-9 to request the free forms." *Id.* In Count II, Plaintiff asserted that requiring him to pay Union Supply in order to obtain court forms available for free on the Court's website is extortion. *Id.* In Count III, Plaintiff asserted violations of the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961, *et seq.* and the Kansas RICO act, K.S.A. 21-6327, *et seq.* (Doc. 1, p. 4.) As supporting facts for Count III, Plaintiff asserted: "It[']s certainly a racket to pay a private corp[oration] for free 'public' forms that the public already paid for, then pay taxes on free public paper and public services that [are] already paid for!" *Id.* (capitalization normalized). Plaintiff sought "all available relief." *Id.* at 5.

The Court conducted the initial screening of the complaint required by 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). On September 4, 2025, the Court issued a memorandum and order ("M&O") identifying deficiencies in the complaint that left it subject to dismissal in its entirety. (Doc. 6.) As now relevant, the M&O explained that the complaint did not sufficiently allege Defendant Zmuda's personal participation in the acts on which the complaint was based; in fact, "[o]ther than generally alleging that Defendant Zmuda is an 'employee, contractor, [or] agent for the State of Kansas,' the complaint [did] not include any specific factual allegations related to action or inaction by Defendant Zmuda.'" *Id.* at 5. Therefore, Plaintiff failed to state a plausible claim for relief against Defendant Zmuda. *Id.* at 6.

The M&O then addressed each count pled in the complaint. It explained that Count I violated Rule 8 of the Federal Rules of Civil Procedure because it failed to identify and provide

notice of the legal basis for the claim alleged therein. *Id.* at 6-7. Thus, it failed to provide "'a short and plain statement of the claim showing that [Plaintiff] is entitled to relief,'" leaving it subject to dismissal. *Id.* at 6-7 (citation omitted). The M&O explained that Count II was subject to dismissal because it similarly failed to assert that a constitutional or federal right had been violated, because the violation of state criminal statutes does not create a basis for relief under § 1983, and because Plaintiff identified no legal authority providing a private right of action for extortion. *Id.* at 7-8. Count III similarly was subject to dismissal because the assertion of the violation of the Kansas RICO act does not state a claim for relief under § 1983 and the initial complaint asserted no facts that justified bringing a claim under the federal RICO act. *Id.* at 8.

The Court granted Plaintiff time in which to file a complete and proper amended complaint that cures the deficiencies identified in the M&O. *Id.* at 5. Plaintiff has now filed his amended complaint. (Doc. 7.)

## II. The Amended Complaint (Doc. 7)

In the amended complaint, Plaintiff again names Secretary Zmuda as a Defendant and he adds Defendant Gloria Geither, the interim Warden at Lansing Correctional Facility, where Plaintiff is currently incarcerated. (Doc. 7, p. 1-2.) As the background of the case, Plaintiff states:

> Due to overcrowding caused by incentivized crime control Act 103 P.L. 322 the interim warden cannot provide the residents with sufficient income to cover the costs of basic hyg[i]ene supplies. By using the threat of disciplinary reports and loss of good time and other sanctions is cruel and unusual punishment. Since we are unemployed, KDOC should cover our basic needs not force us to use our $24.00 a month income to stay clean.

(Doc. 10, p .2.) The amended complaint asserts two counts. *Id.* at 3-4.

In Count I, Plaintiff asserts the violation of the Eighth Amendment to the United States Constitution. *Id.* at 3. As supporting facts for Count I, Plaintiff states: "Under threat of K.A.R. 44-12-102 we must purchase Hygene. The Warden being versed in IMPP 02-118 and all related

policys, rules, regulations and laws while knowing Jobs are a dream knows its cruel to not provide basic needs[.]" *Id.* (all errors in original). Count II also asserts a violation of the Eighth Amendment, based on the following alleged facts:  "The secretary having personally signed IMPP 02-118, knowing the KDOC is overcrowded with sever[e]ly limited employment chooses profit over providing basic needs." *Id.* As relief, Plaintiff seeks $2,000.00 in "compensatory relief, plus actual costs to refund purchased goods," and an order directing KDOC to "provide basic needs [and] cover costs and lawyer fees[.]" *Id.* at 5.

**III. Analysis**

The screening standards are set forth in the M&O (*see* Doc. 6, p. 3-4) and will not be repeated in full in this order. It is sufficient to say that the  Court is required by statute to screen the amended complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). Even liberally construing the amended complaint and taking all facts alleged therein as true, the amended complaint, like the initial complaint, fails to state a plausible claim for relief against any named Defendant.

The amended complaint, like the initial complaint, fails to sufficiently allege each Defendant's personal participation in a constitutional violation or the violation of a federal right. (*See* Doc. 6, p. 5.) Even liberally construing the pro se amended complaint, with respect to Defendant Zmuda, it alleges only that he violated the Eighth Amendment because he "personally signed IMPP 02-118" despite knowing that the KDOC is overcrowded and offers limited employment opportunities. (Doc. 7, p. 3.)  The Court has reviewed IMPP 02-118, which addresses "Employee and Volunteer Rules of Conduct and Undue Familiarity." It has no obvious relationship to Plaintiff's argument in Count II and Plaintiff does not further explain his argument. As set forth

in the M&O, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." (Doc. 6, p. 3 (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).)

Similarly, even liberally construing the amended complaint, the only specific factual allegations therein about Defendant Geither are that she is aware of IMPP 02-118 and all related policies, rules, regulations, and laws, and that she knows "jobs are a dream." (Doc. 7, p. 3.) Although Plaintiff concludes that "it's cruel to not provide basic needs," he does not allege that Defendant Geither personally participated in denying him any particular basic needs. He also fails to explain the relationship of IMPP 02-118 to his Eighth Amendment claim in Count II.

The M&O stated:

> Rule 8 of the Federal Rules of Civil Procedure1 requires that a complaint "contain . . .a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." The purpose of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir.1998) (quoting *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979)).

(Doc. 6, p. 6.)

As with the initial complaint, the Court finds that the amended complaint does not comply with Rule 8 . The Court cannot determine the basis for the claims alleged in the amended complaint and it would not provide fair notice to Defendants of the claims against them. Moreover, the claims are not supported by sufficiently specific alleged facts.

**IV. Conclusion**

The Court has carefully reviewed the amended complaint, liberally construing it and taking all facts alleged therein as true. Even doing so, the Court finds that the amended complaint, like

the initial complaint, fails to state a claim on which relief can be granted. Plaintiff has already been reminded of the requirements of Rule 8 and that he must allege sufficient personal participation by each named Defendant. He was given a chance to cure these deficiencies by filing an amended complaint, but the amended complaint suffers from the same deficiencies. Therefore, the Court declines to afford Plaintiff an additional opportunity to amend and will dismiss this matter without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is dismissed without prejudice for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED**.

Dated October 6, 2025, in Kansas City, Kansas.

> <u>S/ John W. Lungstrum</u>
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**